IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARTIN TOCCI,

                  Plaintiff,                           No. CV-10-1324-HZ

       v.

                                                OPINION & ORDER

JANET NAPOLITANO, Secretary,
Department of Homeland Security,

                  Defendant.

D. Eric Woodard
KRAMER & ASSOCIATES
520 S.W. Sixth Avenue, Suite 1010
Portland, Oregon 97204

        Attorney for Plaintiff

1 - OPINION & ORDER

Dwight C. Holton
UNITED STATES ATTORNEY
Sean E. Martin
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

     Attorneys for Defendant

HERNANDEZ, District Judge:

     Plaintiff Martin Tocci brings this employment discrimination action against Janet Napolitano, Secretary of the Department of Homeland Security (DHS) which encompasses the Transportation Security Administration (TSA), plaintiff's former employer. Defendant moves to dismiss for failure to state a claim and for lack of subject matter jurisdiction. I grant the motion.

BACKGROUND

     The following facts are taken from the Complaint. Additional facts are discussed below. Plaintiff was hired by the TSA on August 22, 2004, as a security screener. Compl. at ¶ 7. He was suspended on March 18, 2005, based on allegations of misconduct involving a failure to replace food items removed from checked baggage and eating food items while on duty. Id. He was terminated April 12, 2005. Id.

     At the time of his termination, plaintiff was sixty-five years old. Id. at ¶ 10. He alleges that his termination was based upon his age, and the alleged misconduct was a pretext to justify his termination. Id.

STANDARDS

I. Motion to Dismiss For Failure to State a Claim

     On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer

2 - OPINION & ORDER

v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian

3 - OPINION & ORDER

Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient.  See Corrie v. Caterpillar, Inc., 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted).  Additionally, the court may consider evidence outside the pleadings to resolve factual disputes.  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

DISCUSSION

Plaintiff brings four claims for relief:  (1) a claim entitled "wrongful discharge" alleging that he was constructively discharged when he was subjected to an intimidating, hostile, and offensive work environment based on his age; (2) a claim for intentional infliction of emotional distress (IIED); and (3) two claims for age discrimination, with one brought under 29 U.S.C. § 623, the federal Age Discrimination in Employment Act (ADEA), and the other brought under Oregon law pursuant to Oregon Revised Statute § (O.R.S.) 659A.030.  Compl. at ¶¶ 15-20. Defendant moves to dismiss the wrongful discharge, IIED, and the O.R.S. 659A.030 claims for lack of jurisdiction.  Defendant moves to dismiss the federal ADEA claim for failure to state a claim.

/ / /

4 - OPINION & ORDER

I.  Wrongful Discharge Claim

In his memorandum in opposition to the motion, plaintiff states both that he opposes the motion to dismiss his first claim for wrongful termination, and that he concedes that the Court lacks jurisdiction over this claim because his suspension and termination rendered his hostile work environment claim moot.  Pl's Resp. Mem. at pp. 1, 4.  However, plaintiff conceded the claim at oral argument, obviating the need to discuss defendant's dismissal arguments.

II.  IIED Claim

Defendant first argues that plaintiff's IIED claim is preempted by the Civil Service Reform Act, 5 U.S.C. § 2302 (CSRA), which provides the exclusive remedy for federal employees to challenge prohibited personnel practices that fall within the definitions established by the CSRA.

As the Ninth Circuit explained in a 2008 case,

[t]he CSRA creates a "remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'"  Orsay v. U.S. Dep't of Justice, 289 F.3d 1125, 1128 (9th Cir.2002) (quoting 5 U.S.C. § 2302).  If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the employee's] only remedy."  Id.  The CSRA's remedial scheme is both exclusive and preemptive because "permit[ting] FTCA claims to supplant the CSRA's remedial scheme" would defeat Congress' purpose of creating "a single system of procedures and remedies, subject to judicial review."  Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991).  Accordingly, where Congress has provided a process for processing prohibited personnel practices, other potential employee remedies are preempted.  See Fausto, 484 U.S. at 455, 108 S. Ct. 668.

Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008).

"[P]rohibited personnel practices" under the CSRA are defined as any "personnel action" taken by someone in authority that violates one of twelve enumerated practices.  5 U.S.C. §

5 - OPINION & ORDER

2302(b).  "Personnel action" includes any appointment, promotion, disciplinary or corrective action, detail, transfer, reassignment, reinstatement, restoration, reemployment, performance evaluation, pay or benefits decision, mandatory psychiatric examination, or any other significant change in duties, responsibilities, or working conditions.  5 U.S.C. § 2302(a)(2)(A)(i)-(xi).

Plaintiff contends that defendant intentionally inflicted emotional distress on him by treating him differently because of his age, manifested by a pattern of unspecified discriminatory conduct, statements, and incidents, and culminating in his discharge based on a pretext of wrongful conduct.  "The definition of 'personnel action' is, necessarily, broad." Mangano, 529 F.3d at 1247.  "[The plaintiff's] claim that he was unfairly terminated falls squarely within the definition of a personnel action as a 'significant change in duties, responsibilities or working conditions' under the CSRA." Id.  Accordingly, here, plaintiff's IIED claim is preempted by the CSRA and this Court lacks subject matter jurisdiction over the claim.  See Marrazzo v. Leavitt, 719 F. Supp. 2d 1297, 1305 (D. Or. 2010) (court lacked jurisdiction to hear plaintiff's IIED claim based on alleged disability discrimination, due to preemption by the CSRA).   I need not address defendant's alternative arguments in support of dismissing the IIED claim.

III.  Age Discrimination Claims

A.  State Claim

Defendant moves to dismiss the state age discrimination claim for lack of jurisdiction. The remedies for a federal employee's employment discrimination claim against his or her federal employer are found in federal statutes, not in state statutes.  Sharr v. Dep't of Transp., 247 F. Supp. 2d 1208, 1213 (D. Or. 2003) (Title VII or ADEA provided exclusive judicial remedy for discrimination claim in federal employment; analogous state law claim under O.R.S. 659A.030

could not be pursued).  Plaintiff concedes that dismissal of this claim is appropriate.  Pl's Resp.

Mem. at p. 4.

      B.  Federal Claim

      As to the ADEA claim, defendant argues that plaintiff fails to state a claim on which

relief may be granted because plaintiff did not comply with pre-filing administrative

prerequisites.  A federal employee has two avenues of relief for alleged age discrimination by a

federal employer.  Forester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007) (citing 29 U.S.C. §

633a).  The employee may pursue administrative remedies in accordance with the requirements

of 29 C.F.R. § 1614.105, or, the employee may bypass administrative proceedings and file a civil

action directly in federal court.  Id.; 29 U.S.C. § 633a(d); 29 C.F.R. §§ 1614.105, 1614.201.

      Under the first option, the employee is required to initiate contact with "a[n] [Equal

Employment Opportunity (EEO)] Counselor" within forty-five days of the matter alleged to be

discriminatory or, in the case of a personnel action, within forty-five days of the date of that

action.  29 C.F.R. § 1614.105(a)(1).  Under the second option,  the employee must file a notice of

intent to file a civil action with the Equal Employment Opportunity Commission (EEOC) within

180 days from the alleged discriminatory conduct, and then wait thirty days before filing the civil

action.  29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a).  In the first option, the contact is with the

employing agency's EEO Counselor, meaning, in this case, the EEO Counselor for the TSA.  In

the second option, the notice is sent to the EEOC, not to the agency's internal EEO Counselor.

      Defendant contends that plaintiff failed to timely initiate the EEO process required for an

administrative remedy and that under the bypass option, plaintiff failed to provide the required

notice to the EEOC prior to filing suit.  Thus, defendant argues, plaintiff is foreclosed from

7 - OPINION & ORDER

pursuing the claim under either avenue.  Plaintiff disputes defendant's assertions.

Although defendant has characterized this motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6), both defendant and plaintiff submitted material outside of the pleadings in support of, or in opposition to, the motion.  Rule 12(d) provides for conversion of a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment when the court does not exclude matters outside the pleadings presented by the parties and when all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Here, because both parties have submitted material outside the pleadings, I convert the motion to one for summary judgment.  Edwards v. Wells Fargo & Co., 606 F.3d 555, 556 (9th Cir. 2010) (court treated motion as one for summary judgment instead of Rule 12(b)(6) motion when district court considered material outside of the pleadings presented in support of and in opposition to the motion); Olsen v. Idaho St. Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) (strict notice by district court of conversion of motion from Rule 12(b)(6) to summary judgment under Rule 56 not required; extra material submitted by and relied on by plaintiff in opposition to the motion showed that plaintiff had sufficient notice that court would treat the motion to dismiss as one for summary judgment).  I informed the parties of the nature of the motion at oral argument.

The documents in the record show that on June 7, 2005, the TSA sent plaintiff a letter acknowledging plaintiff's request for informal EEO counseling.  Pl's Ex. 6 at p. 5.  In response to the letter, plaintiff sent the TSA's Office of Civil Rights a "Request for Counseling" form dated June 23, 2005, along with an explanatory statement of his complaint.  Id. at pp. 1-4, 6-8.

He also submitted an agreement to extend the EEO informal counseling process for sixty days, for a total of ninety days.  Pl's Ex. 5.

Plaintiff filed a formal administrative complaint of discrimination on September 8, 2005. Pl's Ex. 1.  There, plaintiff indicates that his final interview with EEO Counselor Robert F. Wohleber was August 18, 2005.  Id. at p. 3.  Although the administrative proceeding appears to have taken a somewhat tortured and circuitous path, see Pl's Ex. 3 (Mem. from Raymond Desmone, TSA Manager, Formal Complaints Division, Office of Civil Rights & Liberties explaining the "confusion encountered in the processing of this complaint"), a Final Decision by the DHS was issued on July 26, 2010, dismissing the administrative complaint for failure to initiate contact with the EEO Counselor within forty-five days of the alleged discrimination as required by 29 C.F.R. § 1614.105(a)(1).  Pl's Ex. 4; Def's Ex. A to Desmone Decl.  Under 29 C.F.R. § 1614.407, plaintiff had ninety days from receipt of the Final Decision to file a civil action related to the administrative complaint initially filed with the agency.  Plaintiff's action in this Court was filed within that ninety-day period.

Because it is unclear from the Complaint and the briefing whether plaintiff brings his federal ADEA claim as a direct filing under the bypass provision, or as an appeal from the agency's July 26, 2010 Final Decision on his administrative complaint, I address both.

1.  Direct Filing Under Bypass Provision

I agree with defendant that plaintiff is precluded from pursuing an ADEA claim under the "bypass" provision in  29 U.S.C. § 633a(d).  The statute requires a plaintiff to file a notice of an intent to sue with the EEOC within 180 days of the alleged discriminatory practice, and then wait thirty days before filing suit.  29 U.S.C. § 633a(d).  The regulation expressly requires written

9 - OPINION & ORDER

notice to the EEOC at a specified address in Washington, D.C., by mail, personal delivery, or

facsimile.  29 C.F.R. § 1614.201(a).

    In support of the motion, defendant relies on the declarations of Marjorie Borders and

Raymond Desmone.  Borders, the EEOC's Compliance Branch Chief, Compliance and Control

Division Headquarters, Office of Federal Operations, Federal Sector Programs, states that

> [a] search was conducted of the ADEA notice correspondence files maintained by
> Federal Sector Programs.  Those files are maintained chronologically and
> accessed through an alphabetical electronic database.  ADEA notice files contain
> notices of intent to sue federal agencies under the ADEA, and related
> correspondence from the EEOC to federal agencies and claimants, on notices filed
> directly with Federal Sector Programs, or notices forwarded to Federal Sector
> Programs by an EEOC field office, where a notice is erroneously filed with a field
> office.  Our review of those files did not reveal any notice of intent to sue the
> United States Department of Homeland Security or the Transportation Security
> Administration filed by Martin Tocci[.]
>
> We also reviewed the general correspondence files maintained in the Office of
> Federal Operations on the Plaintiff, Martin Tocci, and did not locate any notice of
> intent to sue the United States Department of Homeland Security or the
> Transportation Security Administration filed by the Plaintiff[.]

Borders Decl. at ¶¶ 4, 5.

    Desmone, Manager of the Formal Complaint Division of the TSA's Office of Civil Rights

and Liberties (OCRL), states that

> OCRL database searches were conducted on March 1, 2011, to determine if any
> notices of intent to sue under the ADEA were filed within 180 days of the alleged
> discrimination.  Various search methods were employed, including searches by
> case number, and Mr. Tocci's first and last name.  This search revealed that OCRL
> has no record of having received a notice of intent to sue from Mr. Tocci.

Desmone Decl. at ¶ 4.

    In response, plaintiff simply states that the "EEOC had abundant pre-suit notice of

Plaintiff's intention to file a tort claim."  Pl's Resp. Mem. at p. 5.  In support, plaintiff generally

10 - OPINION & ORDER

refers to his "Statement of Facts and Exhibits" and then cites specifically to his Exhibit 4.  None of the evidence in the record shows that plaintiff complied with the regulation's directive that a notice of intent to sue be mailed, personally delivered, or faxed to the EEOC at the address provided in the regulation.  Rather, plaintiff relies on phone bill records to show that various phone calls were made following his suspension and then termination, that he filed his administrative complaint on or about September 8, 2005, and that he continued to pursue his administrative complaint through the Final Decision issued July 26, 2010.  Pt's Exs. 1-6.

These actions, however, do not substitute for the notice required by the statute and regulation.  In Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003), the court addressed whether the plaintiff met the notice requirement of section 633a(d) by submitting a formal complaint to the EEO Office of the Department of Labor, the plaintiff's employing agency.  Id. at 197.  The court noted that the plain language of the statute requires the filing of a notice of intent to sue with the EEOC itself.  Id. at 198.  The court also noted that the statute requires the EEOC, upon receipt of a notice of intent to sue, to "promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice." Id. (quoting 29 U.S.C. § 633a(d)).  The court explained that while notice to the agency's EEO office could lead to notice to all prospective defendants, it would not trigger EEOC action to eliminate unlawful practices.  Id.  The court further cited the regulation and its express directive to file a notice with the EEOC itself at a specified address in Washington, D.C.  Id.  The court rejected the plaintiff's reliance on out-of-date cases which suggested that the required intent to sue notice could be sent to the employing agency's EEO Office, because those cases relied on since-repealed regulations.  Id.  Accordingly, the court held that the plaintiff did not meet the

11 - OPINION & ORDER

notice requirements of section 633a(d) and thus, could not proceed with his ADEA claim in federal court.

District courts have reached the same result in similar cases. E.g., Byers v. Napolitano, No. 3:10-CV-60, 2010 WL 3386019, at *2 (W.D.N.C. Aug. 25, 2010) (letter written to the TSA did not satisfy notice requirement of section 633a(d) because the statute and regulation require notification to the EEOC, not the TSA, of intent to sue); see also Figueroa v. United States Postal Serv., 422 F. Supp. 2d 866 (N.D. Ohio 2006) (letter sent by the plaintiff to EEOC's Office of Federal Operations did not comply with requirements of notice of intent to sue because it failed to include the name of the federal agency that allegedly discriminated against her, the date on which the alleged discrimination occurred, and a statement of the nature of the discrimination);

Furthermore, the statute and the regulations provide two separate avenues of relief for federal workers complaining of age discrimination which give an aggrieved federal employee the initial choice of proceeding administratively or in federal court, after satisfying the respective procedural prerequisites. While, in the Ninth Circuit, a federal employee is not required to exhaust his or her administrative remedies before filing a federal court ADEA claim under the bypass provision, Bak v. Postal Serv., 52 F.3d 241, 244 (9th Cir. 1995) (a claimant is not required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing a civil suit), the regulations nonetheless indicate that any pending administrative EEOC proceedings will be dismissed if the complainant files a lawsuit. Bankston v. White, 345 F.3d 768, 775, 776-77 (9th Cir. 2003) (citing 29 C.F.R. § 1614.409 and noting that the "significance of the amended EEOC regulation is that there would never be EEOC proceedings going on at the same time as a lawsuit"). Thus, given the statutory structure, the pursuit of an administrative

12 - OPINION & ORDER

claim is not tantamount to filing, with the EEOC directly, a notice of an intent to actually sue the agency in court. Thus, plaintiff's argument that his administrative complaint satisfied the notice requirements of 29 U.S.C. § 633a(d) and 29 C.F.R. § 1614.201(a), is unavailing.

Here, the record indicates that plaintiff made telephone contact with the TSA and perhaps the EEOC within 180 days of the April 12, 2005 discharge, and filed a formal administrative complaint with the TSA in September 2005. These acts do not satisfy the notice requirements of section 633a(d) and the implementing regulation at section 1614.201(a). Moreover, while the relevant timelines are subject to waiver, equitable, or equitable tolling, 29 C.F.R. § 1614.604(c), plaintiff makes no such arguments and the facts do not support the application of any of these doctrines when the record indicates that plaintiff made no attempt to comply with the notice required for the bypass provision. Thus, I dismiss plaintiff's federal ADEA claim to the extent it is based on a direct filing in this Court.

### 2.  Appeal from Agency Final Decision

If the record shows that plaintiff failed to comply with the forty-five day requirement in 29 C.F.R. § 1614.105(a)(1) for pre-complaint EEO counseling, he cannot proceed with the ADEA claim under section 1614.407. See Whitman v. Mineta, 541 F.3d 929, 932-33 (9th Cir. 2008) (plaintiff's failure to notify EEO Counselor within forty-five days of alleged discriminatory incident made civil ADEA action based on appeal of administrative decision, untimely); Lyons v. England, 307 F.3d 1092, 1105-08 (9th Cir. 2002) (failure to contact EEO Counselor within forty-five days of incident rendered claim time-barred).

The parties agree that plaintiff's employment ended April 12, 2005. Defendant contends that plaintiff's first contact with an EEO Counselor under 29 C.F.R. § 1614.105(a)(1) was no

earlier than June 2, 2005, seven days after May 27, 2005, the end of the forty-five day period allowed to initiate pre-complaint contact with the EEO Counselor.

The burden of proof on the timeliness issue falls on defendant.  Because the time-limit requirement is not jurisdictional in nature but is akin to a statute of limitations subject to waiver, estoppel, and equitable tolling, defendant's assertion that plaintiff failed to contact the EEO counselor within forty-five days is an affirmative defense.  Forester, 500 F.3d at 928-29 (time prescriptions for federal employee's ADEA claim are not jurisdictional); Payan v. Aramark Mgmt Servs. Ltd. Pship, 495 F.3d 1119, 1122-23 (9th Cir. 2007) (statute of limitations is an affirmative defense on which the defendant bears the burden of proof).

In support of the motion, defendant relies on the Second Declaration of Raymond Desmone in which Desmone states that plaintiff's "Administrative File," maintained at the TSA's Office of Civil Rights and Civil Liberties, contains various documents, kept in the ordinary course of business at the TSA, and that based on those records, the earliest date plaintiff attempted to initiate EEO counseling was June 2, 2005.  Desmone Second Declr. at ¶¶ 2-7. Exhibit A to Desmone's Second Declaration is the plaintiff's April 12, 2005 Termination Letter. It expressly states that if plaintiff believes the termination resulted from illegal termination based on age, he may contact the Office of Civil Rights and that if he chooses to do so, he must make that contact within forty-five calendar days of the effective date of the termination.  Exh. A to Desmone Second Declr. at p. 2.  It also contains the phone number (1-877-336-4872) for making the contact.  Id.

According to Desmone, notes taken by the Informal Complaint Division show that plaintiff's initial contact with a TSA EEO Counselor was June 2, 2005.  Desmone Second Decl.

14 - OPINION & ORDER

at ¶ 4.  Exhibit B to Desmone's Second Declaration are the notes taken from that June 2, 2005

contact.  The first page includes contact information for plaintiff and a note that on June 2, 2005,

plaintiff called to request an "ARC package."  Exh. B to Desmone Second Decl. at p. 1.  It also

notes that plaintiff "said he called earlier," but the TSA employee informed him that no record of

any previous contact could be located.  Id.  The second page is a form "Contact Sheet" in which

handwritten information regarding plaintiff's name, address, and termination date is noted by

"RW."  Id. at p. 2.  The "Initial Contact Date" is recorded as June 2, 2005.  Id.  The third page is a

copy of the "Informal Complaint Processing Information," which again shows the initial contact

date of June 2, 2005, the date the "ARC Package" was mailed to plaintiff, the date the package

was received back by the Office of Civil rights, the date the EEO counselor was assigned, and the

name of the counselor.  Id. at p. 3.

Desmone explains that "[i]t is a standard practice that EEO staff make notes regarding all

contacts with potential claimants, and that such notes are maintained in that individual's

Administrative File."  Desmone Second Decl. at ¶ 4.  Other documents in plaintiff's

Administrative File include the Notice of Rights and Responsibilities sent to plaintiff on June 7,

2005, a Notice of Right to File sent to plaintiff on August 19, 2005, and the TSA EEO

counselor's report dated October 14, 2005.  Id. at ¶¶ 5-7; Exs. C, D, E to Desmone Second Decl.

Plaintiff contends he made timely contact within the forty-five day period.  In support,

plaintiff submits copies of his phone records from AT&T from February 15, 2005, through July

12, 2005.  Ex. 2 to Pl's Mem. in Opp.  Of relevance here are the records showing phone calls

made on or before May 27, 2005.  The phone records have been annotated by handwriting of an

unidentified person.  The annotations of the pre-May 28, 2007 calls are as follows:  (1) next to

15 - OPINION & ORDER

the listing of certain calls made on March 21, 2005, the words ""Office of [unintelligible]

Ombudsman," (2) next to the listing of certain calls made on April 13, 2005, "EEOC," and (3)

next to the listing of certain calls made April 28, 2005, "T.S.A. Human Resources."   Ex. 2 to Pl's

Mem. in Opp.

Defendant raises two problems with plaintiff's response.  First, defendant correctly notes

that these are unauthenticated phone records, and there is no sworn statement from plaintiff

attesting to relevant facts such as that he called the numbers listed on the phone records, that

those phone numbers are in fact the numbers of the agencies noted in the annotations, that his

reason for calling was to seek EEO counseling over alleged discrimination, and that he actually

spoke with an employee or left a message explaining his concerns over potential discrimination.

"A trial court can only consider admissible evidence in ruling on a motion for summary

judgment." Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002).  "[U]nauthenticated

documents cannot be considered in a motion for summary judgment." Id.

Because plaintiff fails to submit any admissible evidence creating an issue of fact as to his

making contact with an EEO counselor before June 2, 2005, defendant's motion must be granted.

Defendant also contends that even if plaintiff submitted admissible evidence establishing

that he made the calls to the TSA Ombudsperson, the EEOC, or the TSA's Human Resource

Department before May 28, 2005, none of those entities would satisfy the requirement that he

contact an EEO counselor.  Thus, defendant argues that even if the evidence plaintiff relies on

were admissible, he nonetheless fails to create an issue of  fact as to his pre-May 28, 2005 contact

with an EEO counselor.

In a recent case, the Ninth Circuit held that a plaintiff does not need to contact the

16 - OPINION & ORDER

agency's designated EEO counselor to comply with the statute and the regulation.  <u>Kraus v.</u>

<u>Presidio Trust Facilities Div.</u>, 572 F.3d 1039, 1044-46 (9th Cir. 2009).  In <u>Kraus</u>, the plaintiff

complained to her agency's EEO "officer," not the EEO "counselor".  The district court

concluded that the contact was insufficient.  The Ninth Circuit reversed, explaining that

> the EEOC has long and consistently adhered to an interpretation of 29 C.F.R. §
> 1614.105 that " a complainant may satisfy the criterion of EEO Counselor contact
> by initiating contact with <u>any agency official logically connnected with the EEO</u>
> <u>process</u>, even if that official is not an EEO Counselor, and by exhibiting an intent
> to begin the EEO Process."

<u>Id.</u> at 1044 (quoting EEOC Management Directive 110, at ch. 2, § I.A. n.1) (emphasis added in

<u>Kraus</u>).  The court noted that agency decisions implementing the EEOC Management Directive

"demonstrate that the EEOC understands the category of 'agency officials logically connected

with the EEO process' to encompass EEO personnel in positions with a variety of titles other than

'Counselors' including EEO 'officers[.]'"  <u>Id.</u>  The court added that "even contact with certain

agency officials who are not EEO personnel has been held sufficient to satisfy the regulation's

'contact with a Counselor' requirement, provided they are found to be logically connected to the

EEO process within the agency."  <u>Id.</u> (internal quotation omitted).

    The court cited several EEOC administrative decisions in support of the proposition that

the EEOC had frequently made no distinction between EEO "officers" and EEO "counselors," <u>Id.</u>

at 1044 n.6 (citing EEO decisions), and further cited to a case in which the Eighth Circuit held

that a Department of Agriculture (USDA) employee who contacted the Director of the USDA's

Office of Civil Rights had satisfied the EEO counselor contact requirement.  <u>Id.</u> at 1045 (citing

<u>Culpepper v. Schafer</u>, 548 F.3d 1119, 1122-23 (8th Cir. 2008)).

    However, other cases indicate that simply complaining to one's supervisors or to an

17 - OPINION & ORDER

agency's human resources department is not sufficient.  <u>Johnson v. Henderson</u>, 314 F.3d 409, 415 (9th Cir. 2002) (complaining to supervisor does not "satisfy the requirement that the aggrieved employee seek EEO counseling prior to filing a formal complaint"); <u>Gedhardt v. Chu</u>, No. C 10-2807 MEJ, 2010 WL 5211459, at *8-9 (N.D. Cal. Dec. 16, 2010) (human relations specialist not an agency official logically connected with the EEO process when specialist did not have "EEO" in his title).   Additionally, the contact must exhibit an intent to actually begin the EEO complaint process.  <u>E.g.</u>, <u>Pawloski v. Principi</u>, No. 05-724, 2007 WL 1302430, at *2 n.3 (E.D. Cal. May 2, 2007) ("The requirement that an aggrieved seek EEO counseling is not satisfied by asking hypothetical questions of an EEO counselor" because the employee must manifest an intent to begin the EEO process).

    The question in the instant case is whether a phone call to the TSA Ombudsman, the EEOC, or the TSA Human Resources department satisfies the requirement that plaintiff contact an EEO counselor.  The cases clearly hold that contact with the agency's designated EEO counselor is not required.  But, the cases also have not gone so far as to allow contact with <u>any</u> agency official or any official outside the agency.  Here, even assuming plaintiff's phone records were admissible, plaintiff's contacts with an agency ombudsman and human resources department are not contacts with an agency official logically connected to the EEO process. Additionally, contacting the EEOC, an entirely separate agency, is not a contact with the agency at issue.  Thus, I agree with defendant first that plaintiff fails to submit admissible evidence on the issue, and second, that even if I considered the evidence, it does not create an issue of fact as to plaintiff's contact with a TSA official logically connected to the EEO process, on or before May 27, 2005.

18 - OPINION & ORDER

At oral argument, plaintiff argued for the first time that there was good cause for his failure to make the required TSA EEO Counselor contact within the forty-five days allowed by the regulation.  Plaintiff contended that good cause exists because he was sixty-five years old at the time.  Without more, this is an insufficient basis upon which to find good cause capable of excusing plaintiff's compliance with the regulation.

CONCLUSION

Defendant's motion to dismiss [12] is granted.

IT IS SO ORDERED.

Dated this __14th___ day of __June_____, 2011

/s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

19 - OPINION & ORDER